# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY MAGEE, | CV F   04 6425 REC SMS P |
| Plaintiff, | ORDER DISMISSING WITH LEAVE TO AMEND (Doc. 10.) |
| v. | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |
| WIMBISH, et. al., | |
| Defendants. | |

Jimmy Magee ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on October 19, 2004. On November 16, 2004, Plaintiff amended the Complaint.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).
3       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
4  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
5  support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding,
6  467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
7  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
8  complaint under this standard, the court must accept as true the allegations of the complaint in
9  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
10 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
11 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
12 **B. SUMMARY OF COMPLAINT**
13      Plaintiff alleges a myriad of complaints ranging from violations for the denial of the use
14 of a cane, failure to investigate properly, conspiracy, verbal threats constituting "excessive
15 force," failure to respond to letters and interference with discovery.  The Complaint names Mack
16 Wimbish, Correctional Officer ("C/O") Schneider, C/O Crawford, B. Coultre, C/O Biddle, Sgt.
17 K. Williams, Commander Wilbert, Voth, Barnes, an unknown hearing officer and Billington as
18 Defendants.  The Court will address each Defendant an the allegations in turn.
19 **C. DEFENDANTS AND CLAIMS FOR RELIEF**
20      *1. C/O Schneider*
21      Plaintiff alleges that on March 25, 2004, C/O Schneider threatened him with "excessive
22 and verbal assault."  Plaintiff states that Defendant Schneider told him "I'll knock you out
23 Magee, if you spill that stuff on me."  Plaintiff alleges that this constituted excessive force and
24 discrimination because he did not say the same thing to other inmates who were also pushing
25 stacks of dinner trays.
26      Mere verbal harassment or abuse, including the use of racial epithets, does not violate the
27 Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983.
28 Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987);  see also Keenan v. Hall, 83 F.3d

1083, 1092 (9th Cir.1996), *amended* 135 F.3d 1318 (9th Cir.1998) (disrespectful and assaultive comments by prison guard not enough to implicate 8th Amendment.)  Nor do the facts alleged give rise to a equal protection claim.

The Equal Protection Clause requires that persons who are similarly situated be treated alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985).  In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

In this case, the fact that Defendant was warned about spilling trays on an Officer does not constitute discrimination and give rise to an equal protection claim.  Accordingly, Plaintiff's allegations against Defendant Schneider do not state a cognizable claim for relief under Section 1983.

### 2. *Defendant Williams*

Plaintiff states that on or about March 26, 2004, he filed a grievance against Defendant Schneider about the verbal assault.  Defendant Williams received the grievance but did not speak with Plaintiff about the complaint and instead only interviewed Defendant Schneider.  Plaintiff alleges that Defendant Williams actions constituted a "kangaroo court" in violation of his rights to due process.

There is no constitutional right to an inmate appeals process.  The Ninth Circuit has held that Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003), *citing* Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988).  State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary

incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995).

Plaintiff does not have a protected liberty interest in having his grievances investigated at the level of thoroughness that he desires; thus, he cannot assert a due process claim with respect to how the process is conducted. Accordingly, Plaintiff fails to state a claim against Defendant Williams.

### *3. Defendant Voth*

Next Plaintiff complains that on April 10, 2004, approximately two weeks after he filed a grievance against Defendant Schneider, he complained to Defendant Voth during lockdown that he needed his diabetic snack. Defendant Voth informed Plaintiff that he needed to "lock up." About 20 minutes later, Plaintiff was told to step out and walk to the unit door but to leave his cane behind. Plaintiff complains that not being allowed to take his cane violated his rights because he needs it medically. Plaintiff further asserts that he was placed into administrative segregation without a disciplinary hearing and was abused because handcuffs were used on him prior to his being escorted to administrative segregation and kept on for approximately four hours.

**A. Cane**

Under the Eighth Amendment, prisoners have a right to receive medical treatment for serious illness and injury. Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976). Prison staff who display "deliberate indifference" to the serious medical needs of a prisoner violates the Eighth Amendment and may be held liable under Section 1983. Id. For example, knowledge of the need for medical care coupled with the intentional refusal to provide that care can constitute deliberate indifference. See, e.g., Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989). Deliberate indifference may appear when a prison official denies, delays or intentionally interferes with medical treatment. McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992.) However, the deliberate indifference proscribed by the Eighth Amendment must be so egregious as to constitute cruel and unusual punishment, it must involve the "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. at 104-05, 97 S.Ct. At 291-92. Mistakes, negligence, and medical malpractice are "not constitutional violation[s] merely because the victim is a prisoner."

4

Estele, 429 U.S. at 106, 97 S.Ct. 292; O'Loughlin v. Doe, 920 F.2d 614 (9th Cir. 1990); Anthony v. Dowdle, 853 F.2d 741, 743 (9th Cir. 1988); Franklin v. State of Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981.)

In this case, Plaintiff's allegation does not allege facts sufficient to rise to the level of an Eighth Amendment claim.

### B. Disciplinary Hearing prior to Segregation

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of segregation. See Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court abandoned earlier case law which had held that states created protectable liberty interests by way of mandatory language in prison regulations. Id. at 481-84. Instead, the Court adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. Id. In doing so, the Court held that liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Where a protectable liberty interest exists, the Supreme Court has set out the following procedural due process requirements for disciplinary detention of a prisoner: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

5

Here, the failure of Defendant Voth to hold a disciplinary hearing *prior* to Plaintiff's segregation does not violate the procedural protections Plaintiff is due under federal law.

### C. Handcuffs

When a prison security measure is undertaken in response to a incident such as occurred in this case, the question of whether the measures taken inflicted unnecessary and wanton pain and suffering depends on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 4, 5-7, 112 S.Ct. 995, 999 (1992). Factors relevant to the analysis are the need for the application of force, the relationship between the need and the amount of force that was used and the extent of the injury inflicted. Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078 (1986). Other factors to be considered are the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts know to them, and any efforts made to temper the severity of a forceful response. Id., at 321. The infliction of pain in the course of a prison security measure "does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied was unreasonable, and hence unnecessary." Whitley v. Albers, *supra* at 319; see also, Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995 (1992). Prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id. at 321-322 (*quoting* Bell v. Wolfish, 441 U.S. 520, 547, 99 S.Ct. 1861 (1970).

The Ninth Circuit has court has approved the use of mechanical restraints in California prisons if inmates are transported out of the prison, if inmates are violent or prone to escape, or if the inmates are suicidal. Spain v. Procunier, 600 F.2d 189, 197 (9th Cir.1979). Similarly, the Court has held that the use of in-cell restraints in compliance with prison regulations to control behavior and maintain security. LaMaire v. Maass, 12 F.3d 1444, 1451-52 (9th Cir.1993) (as amended on denial of rehearing and suggestion for rehearing en banc). The Court finds the Complaint does not allege sufficient facts warranting a denial of Plaintiff's Eighth Amendment

6

rights for the use of handcuffs. Based on all of the above, Plaintiff fails to state a claim for relief against Defendant Voth.

### 4. *Defendant Crawford*

Plaintiff states that Defendant Crawford informed him that he was in administrative segregation for having razor blades out of razor casings. Plaintiff denied this and contends that Defendant Crawford's issuing a disciplinary infraction was based on a false allegation and done in retaliation for Plaintiff having filed a grievance against Defendant Schneider.

#### A. Disciplinary Challenge

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.

Where a protectable liberty interest exists, the Supreme Court has set out the following procedural due process requirements for disciplinary detention of a prisoner: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

Assuming that plaintiff has a liberty interest in remaining free from disciplinary segregation, plaintiff has alleged no facts that demonstrate that any of the procedural due process protections he was due under federal law were violated. Plaintiff is entitled to limited procedural protections under federal law. "Prison disciplinary hearings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. The violation of procedural due process protections guaranteed under state law gives rise to a claim for relief under federal law only if the violation also violates the

guarantees set forth in Wolff.  Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1993).

### B.  Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  To establish a prima facie case, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose.  See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Pratt 65 F.3d at 807.  The injury asserted in retaliation cases is the retaliatory conduct's chilling effect on the plaintiff's First Amendment rights.  See Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997); Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).

A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus between the alleged retaliation and plaintiff's protected activity (i.e., filing a legal action). McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979); see Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977).  The prisoner must submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action.  Pratt, 65 F.3d at 806.  Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent.  See Pratt 65 F.3d at 808; Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir. 1989).

In this case, Plaintiff alleges sufficient facts to state a cognizable claim for relief under the First Amendment.

### C.  Conspiracy

Plaintiff also alleges that Defendant Crawford and Voth conspired to press separate charges against him.

In the context of conspiracy claims brought pursuant to section 1983, such a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988).  Plaintiff must allege that

defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

Plaintiff has not alleged sufficient facts supporting the existence of a conspiracy or that Defendants violated his constitutional rights. In order to state a cognizable claim for relief for conspiracy, Plaintiff must establish that defendants conspired to violate an underlying constitutional right. Here, however, other than his allegation, Plaintiff provides no information about these alleged charges or the circumstances surrounding them.

### 5. Defendant Barnes

Plaintiff contends that Defendant Barnes answered his grievance concerning Defendant Crawford but did not return his cane or rule against the illegal detention. Plaintiff is essentially arguing that his rights were violated because he did not succeed in his prison grievance. However, as noted above, with regard to the inmate appeals process, the law requires certain procedural protections be afforded. (See Section 4A above.) Plaintiff does not allege facts that any of the process due him was denied and thus, fails to state a claim for relief against Defendant Barnes.

### 6. Defendant Billington

Plaintiff contends that Defendant Billington interfered with his due process right to communicate with Defendant Barnes "to get discovery" in regards to rules violation reports.

The Federal Rules of Civil Procedure and relevant state rules provide for the use of discovery to obtain documentation in relation to a pending action. There is no general constitutional right to conduct discovery. To the extent Plaintiff has any rights to obtain certain documents from the prison officials, there are procedures within the institution that allows for inmates to obtain certain documents. Plaintiff does not allege any facts here that he has complied with any institutional rules in this regard. In any event, as noted above, there is no constitutional right to conduct discovery and Plaintiff does not any other facts giving rise to a cognizable claim for relief against Defendant Billington.

### 7. Defendant Coultre

Plaintiff also argues that Defendant Coultre interfered with his right to obtain copies of

written reports regarding disciplinary proceedings. Again, to the extent Plaintiff was attempting to conduct discovery, Plaintiff states no claim for relief.

Plaintiff argues that Defendant Coultre denied his request for documents inappropriately because the request was directed to Defendant Barnes. Plaintiff does not have a constitutional right to determine how an institution routes inmate requests or who responds to them. Accordingly, the allegation does not state a claim for relief under Section 1983.

Plaintiff next contends that Defendant Coultre's denial was "in a retaliation mode to act the way he did with willful disregard for Plaintiff's rights." However, as noted above, Plaintiff has no constitutional right to obtain discovery or dictate who responds to internal inmate appeals. Moreover a simple statement that action was done "in retaliation" of rights is conclusory and does not state a cognizable claim for relief. (See Section 4B outlining the law on retaliation claims.)

### 8. *Defendant Biddle*

Plaintiff asserts that Defendant Biddle is the classification officer that had classified Plaintiff for A-Pod while Plaintiff was in Administrative Segregation. Plaintiff attempted to contact Defendant Biddle to "rescue" him by releasing him to the A-Pod.

This claim is wholly unclear. Inmates have no constitutional right to a particular classification status, see Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976), and prisoners have no constitutional right to be incarcerated at a particular correctional facility. Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Accordingly, Plaintiff states no cognizable claim for relief under Section 1983.

### 9. *Unknown Disciplinary Hearing Officer*

Plaintiff contends that an unknown hearing officer violated his rights because he was given an irregular, unfair, bias, and unconstitutional hearing that discriminated against him as he was found guilty.

Plaintiff fails to again allege sufficient facts demonstrating that he was denied any one of the procedural protections afforded him by Wolff v. McDonnell. (See Section 4A above.) In fact, the Court is wholly unsure of the basic allegations against this unknown person. Accordingly,

the allegations do not raise a cognizable claim for relief under Section 1983.

### 10. *Defendant Wimbish*

Plaintiff argues that he wrote several letters to Defendant Wimbish concerning the aforementioned violations to no avail. Plaintiff states that this "indicate[s] to plaintiff that Sheriff Mack Wimbish actions concurrs [sic] with those of the defendants listed in this 42 U.S.C 1983 Complaint, due to the fact of his not coming to the aide of plaintiff after numerous complaints. . ."

Plaintiff does not have a constitutional right to have Defendant Wimbish respond to his personal letters. To the extent Plaintiff filed an inmate grievance, there exists an institutional process for disposition of such grievances. Plaintiff does not have a constitutional right, however, to require that his grievances be responded to by any particular individual. Moreover, Plaintiff's allegation that Defendant Wimbish did not "rescue" him is wholly unclear and does not raise sufficient facts to state a claim under Section 1983.

### 11. *Defendant Brad Wilbert*

Plaintiff alleges that Defendant Wilbert is in the Personnel Department which Plaintiff believes answered the communications Defendant Wimbish's behalf. Thus, Plaintiff concludes, Defendant Wilbert "knew about the conspiracy if he wasn't part of it" and he is guilty.

This allegation is also unclear. Plaintiff's speculation that Defendant Wilbert may have answered inmate appeals or mail sent to Defendant Wimbish does not give rise to a constitutional violation. Further, a "belief" that Defendant was part of a conspiracy does not state a cognizable claim for conspiracy against Defendant Wilbert. (See Section 4C above.)

## D. CONCLUSION

The Court finds Plaintiff's Complaint states a cognizable retaliation claim against Defendant Crawford, however, the Amended Complaint does not contain any other cognizable claims for relief. As such, the Court will grant Plaintiff the opportunity to file a Second Amended Complaint to cure the deficiencies, or, in the alternative, notify the Court in writing whether Plaintiff intends to proceed directly with those claims found to be cognizable. Plaintiff should note that Local Rule 15-220 requires that an Amended Complaint be complete in itself

1  without reference to prior pleadings.

2      In the event Plaintiff wishes to proceed on the cognizable claims, the Court will issue
3  Findings and Recommendations to dismiss those claims not cognizable.  The Court will then
4  forward Plaintiff a summons and USM-285 form to fill out and return to the Court in order to
5  effect service on the Defendants.  Upon the return of these forms, the Court will direct the US
6  Marshal to initiate service of process on Defendants.

7      Based on the foregoing, it is HEREBY ORDERED that:

8      1.    The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights
9      complaint form;

10      2.    The Complaint is DISMISSED with leave to amend.  Within THIRTY (30) days
11      from the date of service of this order, Plaintiff SHALL either:

12      a.    File a Second Amended Complaint curing the deficiencies identified by
13      the Court in this Order, or

14      b.    Notify the Court in writing that he does not wish to file a Second
15      Amended Complaint and instead wishes to proceed on the cognizable
16      claims for relief set forth in this Order.

17      Plaintiff is forewarned that his failure to comply with this Order may result in a
18  Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

19  IT IS SO ORDERED.

20  **Dated:   March 9, 2006**              **/s/ Sandra M. Snyder**
   icido3                                         UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28